

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| LEONARD BAILEY, § | |
|     Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 3:22-02339-MGL |
| § | |
| WELLPATH RECOVERY SOLUTIONS, LLC, § | |
| and BRUCE MCCLEASE, § | |
|     Defendants. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND DEEMING AS MOOT DEFENDANTS' MOTION TO DISMISS**

### I. INTRODUCTION

Plaintiff Leonard Bailey (Bailey) brought this lawsuit against Defendants Wellpath Recovery Solutions (Wellpath) and Bruce McClease (McClease) (collectively, Defendants) in the Richland County Court of Common Pleas.

Wellpath subsequently removed the case to this Court, claiming it has jurisdiction over the matter in accordance with 28 U.S.C. § 1332. McClease need not consent to the removal because Wellpath insists he was fraudulently joined, as discussed below. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

Bailey brings claims against Wellpath for violation of the Wage Payment Act, S.C. Code Ann. § 41-10-40 and breach of contract under South Carolina law.  He brings a claim against McClease for tortious interference with contractual relations and prospective contractual relations under South Carolina law.

Pending before the Court is Bailey's motion to remand and Defendants' related motion to dismiss.  Having carefully considered the motions, the responses, the replies, the record, and the applicable law, it is the judgment of the Court Bailey's motion to remand will be granted and Defendants' motion to dismiss will be deemed as moot.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Bailey worked as a Care Officer for Wellpath, a healthcare provider.  He alleges Wellpath falsely accused him of abusing a patient.  Even though Bailey told his superiors he was uninvolved, he was placed on administrative suspension without pay.

McClease, the Director of Security at Wellpath, reported Bailey to the South Carolina Law Enforcement Division (SLED).  SLED eventually found no probable cause and closed the case.  Wellpath failed to provide Bailey with backpay when he returned.

Before his suspension, Bailey was the most senior care officer at Wellpath, and avouches he intended to apply for McClease's position when he retired.  He posits McClease acted to prevent him from applying and receiving McClease's position.

Bailey and McClease are citizens of South Carolina.  Wellpath is a Florida limited liability company with its principal place of business in Tennessee, and is therefore a citizen of those states.

Bailey sued in state court, and Wellpath removed the case to this Court.  Defendants filed a motion to dismiss the claims against McClease.  Bailey responded, and also filed a motion to

remand. Defendants replied to Bailey's response to their motion to dismiss and responded to the motion to remand. Finally, Bailey replied to Defendants' response to the motion to remand. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.     STANDARD OF REVIEW**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a).

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332. Neither party alleges the existence of a federal question, so if this case is removable, it must be under the diversity statute. Complete diversity jurisdiction exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Section "1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Moreover, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988).

"Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). "The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules." *Id.*

The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Mulcahey*, 29 F.3d at 151.

### IV.     DISCUSSION AND ANALYSIS

Bailey maintains this case must be remanded to state court because the presence of McClease, a citizen of South Carolina, precludes the Court from exercising diversity jurisdiction over this matter.

Defendants, however, contend Bailey fraudulently joined McClease to destroy this Court's diversity jurisdiction. If this were true, then the Court would dismiss the claims against McClease, ignore his citizenship, and exercise diversity jurisdiction over the claims against Wellpath. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (holding that the fraudulent joinder "doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."). If, however, McClease was not fraudulently joined, then the Court must remand this case to state court.

"[T]o establish that [McClease] has been fraudulently joined, [Defendants] must establish either: that there is no possibility that [Bailey] would be able to establish a cause of action against [McClease] in state court; or that there has been outright fraud in [Bailey's] pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted) (emphasis omitted).

Here, Defendants bring no allegations of outright fraud in the jurisdictional pleadings. So, if fraudulent joinder exists, it must be under the "'no possibility' formulation, in which [Bailey's] claim . . . 'need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Marshall*, 6 F.3d at 233).

Hence, Defendants' burden here "is heavy: [they] must show that [Bailey] cannot establish a claim against [McClease] even after resolving all issues of fact and law in [Bailey's] favor." *Marshall*, 6 F.3d. at 232–33.

The Fourth Circuit has held "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464 (quoting *Hartley*, 187 F.3d at 424). And, when analyzing fraudulent joinder under the no possibility prong, "the [C]ourt is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation omitted) (internal quotation marks omitted).

This standard, of course, heavily favors Bailey, "who must show only a glimmer of hope of succeeding against [McClease]." *Johnson*, 781 F.3d at 704 (citation omitted) (internal quotation marks omitted). "Once the [C]ourt identifies this glimmer of hope for [Bailey], the jurisdictional inquiry ends." *Hartley*, 187 F.3d at 426.

Bailey brings a cause of action against McClease for tortious interference with contractual relations and prospective contractual relations. Although he brings these allegations as a single cause of action, Defendants posit it constitutes two claims: tortious interference with contractual relations (TIWCR) and tortious interference with prospective contractual relations (TIWPCR). For the purposes of this order, Bailey needs to "show only a glimmer of hope of succeeding against [McClease]" on just one of them. *Johnson*, 781 F.3d at 704 (citation omitted) (internal quotation marks omitted).

The Court will consider Bailey's TIWCR claim in this order.

### A. Whether Bailey's TIWCR claim fails as a matter of law because Wellpath employed McClease

First, Bailey insists McClease was acting outside the scope of his employment, and thus he can be liable for TIWCR. Defendants argue his TIWCR claim fails as a matter of law because McClease was acting as an employee and agent of Wellpath.

In general, "when a contract is breached by a corporation as the result of the inducement of an officer or agent of the corporation acting on behalf of the corporation and within the scope of his employment, the inducement is privileged and is not actionable." *Bradburn v. Colonial Stores, Inc.*, 255 S.E.2d 453, 455 (S.C. 1979). "The reason for this privilege is that holding an agent liable would be like holding the principal itself liable for the tort of interfering with its own contract, instead of holding the principal liable for breach of contract." *Dutch Fork Dev. Grp. II, LLC v. SEL Properties, LLC*, 753 S.E.2d 840, 844 (S.C. 2012) (internal quotation marks omitted).

"Conversely, an agent may be liable for tortious interference, just as if the agent were an outside third party, if the allegedly interfering acts were conducted outside the scope of the agent's authority." *Id*. (internal quotation marks omitted).

"What is within the scope of employment may be determined by implication from the circumstances of the case."  *Wade v. Berkeley Cnty.*, 498 S.E.2d 684, 688 (S.C. Ct. App. 1998) (quoting *Hamilton v. Miller*, 389 S.E.2d 652, 653 (S.C. 1990)).  Ultimately, "if [McClease] act[ed] for some independent purpose of his own, wholly disconnected with the furtherance of [Wellpath's] business, his conduct falls outside the scope of his employment."  *Crittenden v. Thompson-Walker Co., Inc.*, 341 S.E.2d 385, 387 (S.C. Ct. App. 1986).

Bailey pled that McClease had no legitimate business reasons to include him in the patient abuse referral.  Taking all reasonable inferences in Bailey's favor, McClease reported Bailey of his own accord—rather than at the direction of Wellpath—and, allegedly, without any basis for believing Bailey was involved in patient abuse.  Bailey has pled that McClease acted for a purpose of his own, namely to prevent Bailey from receiving his position after he retired.

Bailey satisfied his favorable standard of showing McClease acted outside the scope of his employment.  The Court thus turns to the elements of the causes of action.

### B.    *Whether Bailey has a glimmer of hope of establishing his TIWCR claim*

To state a claim for TIWCR, also known as intentional interference with contract, Bailey must allege "(1) [the] existence of a valid contract; (2) [McClease's] knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages."  *Camp v. Springs Mortgage Corp.*, 426 S.E.2d 304, 305 (S.C. 1993).

First, Bailey pled that McClease knew that he had an employment contract with Wellpath. *See Hall v. UBS Fin. Servs. Inc.*, 866 S.E.2d 337, 345 (S.C. 2021) (answering a certified question to recognize a TIWCR claim with a terminable-at-will employment contract).  This is sufficient to create a possibility of success as to the first two elements of TIWCR for the purposes of the motion to remand.

7

Next, Bailey alleges that McClease falsely accused him of criminal activity and incompetence and reported him to SLED. Taking all reasonable inferences in his favor, he alleges this led to his suspension without pay for eight months—or at the very least his continued suspension.

Bailey thus has thus pled not only that McClease's actions led to the breach, but that the intended result of McClease's alleged report was Bailey's suspension. These are more than conclusory statements; Bailey has alleged facts that go to whether McClease intentionally procured a breach of Bailey's contract. It is thus possible Bailey will succeed in establishing the third element of TIWCR.

And, for the same reasons as above, Bailey may show McClease lacked justification for reporting him. Bailey alleges there was a complete dearth of evidence that he had abused a patient, and thus no legitimate reason to file the report. Bailey thus has shown a possibility of success as to the fourth element as well.

Finally, Bailey has pled that as a result of his suspension, he was unpaid for eight months. He has yet to receive backpay. Accordingly, it is possible he will establish damages, the fifth element.

Because the Court determines he has the requisite "glimmer of hope[,]" *Johnson*, 781 F.3d at 704, as to his TIWCR claim, it need not consider his TIWPCR claim. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta.*").

## V.     CONCLUSION

For the reasons stated above, Bailey's motion to remand is **GRANTED**. Defendants' motion to dismiss is **DEEMED AS MOOT**.

 **IT IS SO ORDERED.**

Signed this 6th day of December 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
